**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>THERAPEUTICSMD, INC., HUGH O'DOWD, TOMMY G. THOMPSON, PAUL M. BISARO, COOPER C. COLLINS, KAREN L. LING, JULES A. MUSING, GAIL K. NAUGHTON, and ANGUS C. RUSSELL,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against TherapeuticsMD, Inc. ("TherapeuticsMD" or the "Company") and the members of TherapeuticsMD's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell TherapeuticsMD to EW Healthcare Partners ("EW") (the "Proposed Transaction").

2. On May 27, 2022, TherapeuticsMD entered into an Agreement and Plan of Merger with Athene Parent, Inc. ("Parent") and Parent's wholly owned subsidiary, Athene Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Parent and Merger Sub are affiliates of investment funds managed by EW. Under the terms of the Merger Agreement, EW will acquire TherapeuticsMD for $10.00 in cash per share of TherapeuticsMD common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Merger Sub commenced the Tender Offer on June 6, 2022.

3. On June 13, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that TherapeuticsMD stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as TherapeuticsMD stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire at 12:00 midnight, New York City time, at the end of July 5, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and TherapeuticsMD's other shareholders to make an informed decision whether to tender their shares in the Tender Offer. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of TherapeuticsMD common stock.

10. Defendant TherapeuticsMD is a Nevada corporation, with its principal executive offices located at 951 Yamato Road, Suite 220, Boca Raton, Florida 33431. TherapeuticsMD's shares trade on the Nasdaq Global Select Market under the ticker symbol "TXMD."

11. Defendant Hugh O'Dowd has been Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Tommy G. Thompson has been Chairman of the Board and a director of the Company at all relevant times.

13. Defendant Paul M. Bisaro has been a director of the Company at all relevant times.

14. Defendant Cooper C. Collins has been a director of the Company at all relevant times.

15. Defendant Karen L. Ling has been a director of the Company at all relevant times.

16. Defendant Jules A. Musing has been a director of the Company at all relevant times.

17. Defendant Gail K. Naughton has been a director of the Company at all relevant times.

18. Defendant Angus C. Russell has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20. TherapeuticsMD is a women's healthcare company with a mission of creating and commercializing innovative products to support the lifespan of women from pregnancy prevention through menopause. On May 20, 2022, the Company announced that it received U.S. Food and Drug Administration ("FDA") approval of a supplemental New Drug Application for the Company's product candidate, ANNOVERA. ANNOVERA was approved by the FDA in August 2018 as the only long-lasting reversible, procedure-free birth control.

### The Proposed Transaction

21. On May 31, 2022, TherapeuticsMD announced that it had entered into the Proposed Transaction, stating, in relevant part:

> BOCA RATON, Fla.--May 31, 2022-- TherapeuticsMD, Inc. (NASDAQ: TXMD) ("TherapeuticsMD," "TXMD" or the "Company"), an innovative, leading women's healthcare company, today announced that it has entered into a definitive merger agreement to be acquired by an affiliate of EW Healthcare Partners, a private equity firm dedicated to making investments in rapidly growing healthcare companies.

4

Under the terms of the transaction, which has been unanimously approved by TXMD's board of directors, EW Healthcare Partners will commence a tender offer to acquire all outstanding shares of TXMD common stock for $10.00 per share in an all-cash transaction, followed immediately by a merger. The purchase price represents a premium of 367.3% over TherapeuticsMD's closing share price on May 27, 2022.

"We are very pleased to enter into this agreement with EW Healthcare Partners," stated Hugh O'Dowd, Chief Executive Officer of TherapeuticsMD. "Together, we will continue empowering women of all ages through a therapeutic focus in family planning, reproductive health, and menopause management. We have a deep appreciation for EW Healthcare Partners's depth of expertise and track record and know they will bring an incredible value of knowledge and strategic guidance."

EW Healthcare Partners is one of the largest and oldest private healthcare investment firms with over $4B of capital raised since its inception. EW Healthcare Partners has made investments in over 150 rapidly growing healthcare companies in the pharmaceutical, medical device, diagnostics, and technology-enabled services sectors in the United States and in Europe.

"We are pleased to welcome TherapeuticsMD to the EW Healthcare Partners portfolio and are deeply committed to the Company's mission of advancing women's health. EW Healthcare Partners has already made a significant investment in women's health through its acquisition of Majorelle. TherapeuticsMD represents a unique opportunity for Majorelle to enter the US market and is a perfect fit with our ambitious plans to create a fast-growing, premier trans-Atlantic women's health platform. We bring an extensive network and capital to fund the further growth of the combined company," said Evis Hursever, Managing Director at EW Healthcare Partners.

"We look forward to working together with the company's management team to enhance the patient experience, improve operational efficiency and create one of a very few trans-Atlantic specialty pharma companies dedicated to women's health," said Olivier Bohuon, Senior Adviser with EW Healthcare Partners and Chairman of Majorelle.

**Transaction Details**

The transaction, which has been unanimously approved by TherapeuticsMD's Board of Directors, implies a total enterprise value for the Company of approximately $177 million and will be structured as an all-cash tender offer to acquire all issued and outstanding shares of TherapeuticsMD common stock, followed immediately by a merger.

Under the terms of the agreement, an affiliate of EW Healthcare Partners will commence a tender offer to acquire all issued and outstanding shares of

> TherapeuticsMD common stock at a price of $10.00 per share. The tender offer will initially remain open for 20 business days from the date of commencement of the tender offer, subject to extension under certain circumstances.
>
> The price represents a 367.3% premium over TherapeuticsMD's closing share price of $2.14 on May 27, 2022 and a premium of 211.8% to TherapeuticsMD's 30-day volume weighted average share price on May 27, 2022.
>
> Following a successful completion of the tender offer, including meeting certain conditions, the EW Healthcare Partners affiliate will acquire all remaining untendered shares of TherapeuticsMD common stock at the same price of $10.00 per share through a second step merger.
>
> In connection with entering into the transaction, the lenders and administrative agent under the Company's Financing Agreement with Sixth Street Partners have agreed to extend the maturity date of the Financing Agreement to July 13, 2022, allowing the Company to complete the transaction with EW Healthcare Partners on or before that date. In addition, the lenders and administrative agent have agreed to roll-over the Company's indebtedness under the Financing Agreement in connection with, and conditioned on, the closing of the merger.
>
> Closing of the tender offer and merger are subject to certain conditions, including that a majority of the shares of TherapeuticsMD's common stock are tendered and not withdrawn in the tender offer, that there is no default or event of default under the Company's Financing Agreement, and other customary closing conditions. Upon completion of the transaction, TherapeuticsMD will become a privately held company and shares of TherapeuticsMD's common stock will no longer be listed on any public market. The parties anticipate that the combination will be completed on or before July 13, 2022.

**The Materially Incomplete and Misleading Recommendation Statement**

22.     On June 13, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that TherapeuticsMD stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for TherapeuticsMD (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning TherapeuticsMD*

23. The Recommendation Statement fails to disclose material information concerning the financial projections for TherapeuticsMD.

24. For example, the Recommendation Statement fails to disclose the liquidity projections prepared by the Company's management and relied upon by the Company's financial advisor, Greenhill & Co., LLC ("Greenhill"), in connection with its financial analyses. *See* Recommendation Statement at 34.

25. Additionally, the Recommendation Statement sets forth:

> In connection with the Company's strategic planning process, in February 2022 the Company's management prepared and provided to the Board and Greenhill forward-looking financial information for the years 2022 through 2026 based upon internal projections developed by the Company (the "*Projections*"). The Projections include prospective financial information for the Company on a standalone basis. The Projections were provided to the Bidders who entered into a confidentiality agreement with the Company.
>
> The Projections were provided to Parent, Merger Sub, and its advisors in January of 2022. In the course of Parent's due diligence review of the Company, Parent identified to the Company that the Projections did not include the effect of manufacturing failure rates for the Company's Annovera product on projected cost of goods sold for 2022 through 2026 (the "*Manufacturing Failure Rates*"). In April of 2022, the Company and its representatives provided updated projections for 2022 which included the effect of manufacturing failure rates and discussed with Parent the methodology used to determine the effects the Manufacturing Failure Rates would have on projected cost of goods sold from 2023 through 2026. On May 21, 2022, the Company provided updated Projections (i) showing the effects of the Manufacturing Failure Rates on projected costs of goods sold from 2023 through 2026 and (ii) to reflect the Food and Drug Administration supplemental New Drug Application approval that was obtained May 16, 2022.

*Id.* at 40. The Recommendation Statement, however, fails to disclose: (i) the Company's projections for years 2022 through 2026 prepared in February 2022; (ii) the updated projections for 2022 provided to Parent in April of 2022; and (iii) the updated projections provided to Parent on May 21, 2022.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

26. The Recommendation Statement fails to disclose material information concerning the background leading up to the Proposed Transaction.

27. Specifically, the Recommendation Statement fails to disclose whether any of the confidentiality agreements the Company has executed with third parties since September 2020 include a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding any party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Recommendation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

29. For example, in the May 31, 2022 press release announcing the Proposed Transaction, Olivier Bohuon, Senior Adviser with EW, states, "[w]e look forward to working together with the company's management team to enhance the patient experience, improve operational efficiency and create one of a very few trans-Atlantic specialty pharma companies dedicated to women's health." Yet, the Recommendation Statement fails to disclose whether EW's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. In sum, the omission of the above-referenced information renders statements in the "Company Management's Unaudited Projections," "Background of the Transactions," and "Arrangements with the Company's Executive Officers and Directors" sections of the Recommendation Statement materially incomplete and misleading in contravention of the

8

Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of TherapeuticsMD will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting TherapeuticsMD stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of TherapeuticsMD, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any

solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to TherapeuticsMD stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, the background of the Proposed Transaction, and potential conflicts of interest faced by Company insiders.

43. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

### COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of TherapeuticsMD within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of TherapeuticsMD, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the

Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

49. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and

SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, TherapeuticsMD stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of TherapeuticsMD, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 24, 2022  **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*